# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ERICA ANDERSON,**

    **Plaintiff,**

vs.

                                  CASE NO.: _____

**THE CITY OF HAINES CITY, A MUNICIPALITY, ANNE HUFFMAN**

    **Defendants.**

_____/

## DEFENDANTS, THE CITY OF HAINES CITY'S AND ANNE HUFFMAN'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, The City of Haines City ("Haines City") and Anne Huffman, hereby file this Notice of Removal of the above-referenced action from the Circuit Court in the Tenth Judicial Circuit in and for Polk County, Florida, in which it is now pending, to the United States District Court, Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

As grounds for removal, Defendants state as follows:

1. On or about March 31, 2023, an action was commenced by the filing of a complaint in the Tenth Judicial Circuit in and for Polk County, Florida,

entitled *Erica Anderson v. The City of Haines City, A Municipality*, Case No. 2023-4137-CA.

2. Thereafter, the Plaintiff filed the Second Amended Complaint entitled *Erica Anderson v. The City of Haines City, Florida, A Municipality and Anne Huffman, Defendants,* Case No. 2023-4137-CA, on or about October 30, 2023.

3. Defendants, Haines City and Anne Huffman, were served with a copy of the Second Amended Complaint on November 20, 2023. Accordingly, Defendants file this notice of removal within thirty days of service of Plaintiff's Second Amended Complaint as required by 28 U.S.C. § 1446(b).

4. Removal is proper under 28 U.S.C. § 1331 because Plaintiff's suit involves a federal question. Specifically, Plaintiff seeks relief pursuant to alleged violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 based upon allegations that the Defendants interfered with Plaintiff's right's pursuant to the FMLA and then retaliated against her for exercising her rights. *See* Second Amended Complaint, attached as part of Exhibit A. Any civil case filed in a state court may be removed by a defendants to federal court if the case originally could have been brought in federal court. *See Ayers v. Gen. Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996).

5. Removal of a state court action is proper if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The United States District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citing 28 U.S.C. § 1441).

6. Whether a case arises under federal law is generally governed by the "well-pleaded complaint" rule. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Under the well-pleaded complaint rule, a case will not "arise under" federal law unless the complaint affirmatively alleges a federal claim. *Id.* In other words, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law" in his well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. Here, Plaintiff's Second Amended Complaint affirmatively alleges two claims under federal law, claims of FMLA interference and retaliation pursuant to the Family Medical Leave Act (FMLA), 29. U.S.C. §2601.

8. Based on the foregoing, this Court has original and exclusive federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

9. Plaintiff also brings state law claims of race discrimination and retaliation under the Florida Civil Rights Act of 1992, § 760.10 *et seq.*, Florida Statutes as well as the Florida Public Whistleblower Act. Plaintiff

also brings a state law claim for defamation and intentional infliction of emotional distress against Defendant Huffman. This Court has supplemental jurisdiction over Plaintiff's state law claims because the claims derive from a common nucleus of operative fact such that Plaintiff would ordinarily be expected to try the claims in one judicial proceeding. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966); *see also* 28 U.S.C. § 13367(a) (in any action where the United States District Courts have original jurisdiction, the Courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

10. Defendants attach hereto as Exhibits "A" through "C", the Second Amended Complaint, docket sheet and all papers and exhibits filed in this action. 28 U.S.C. § 1446(a); M.D. Local Rule 1.06(b). These papers include civil cover sheet, summonses, returns of service, and other documents.

11. Venue properly rests in the Tampa Division of the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. Section 1441(a) and M.D. Local Rule 1.02, since this action is being removed from the

state court wherein it was originally filed in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida.

12. This Notice of Removal has been timely filed and without waiver by Defendants pursuant to 28 U.S.C. § 1446(b)(1), as it has been filed within thirty (30) days after service of Plaintiff's Second Amended Complaint on November 20, 2023.

13. Defendants represents it will file with the Clerk of the Court for the Tenth Judicial Circuit, in and for Polk County, Florida a Notice of Filing Notice of Removal pursuant to 28 U.S.C. Section 1446(d), and will give written notice thereof to all adverse parties. A copy of said Notice is included in Exhibit "C."

**WHEREFORE**, Defendants, The City of Haines City and Anne Huffman, respectfully request this Court to assume jurisdiction of the above-described action now pending in the Tenth Judicial Circuit in and for Polk County, Florida, pursuant to 28 U.S.C. §§ 1331 and 1441, and that this Court proceed as if this case has been initiated in this Court.

Respectfully submitted,

/s Linda Bond Edwards
LINDA BOND EDWARDS
Florida Bar No.: 0057282
E-mail: ledwards@rumberger.com (primary)
docketingorlando@rumberger.com and
ledwardssecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.

101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 6, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Kelly H. Chanfrau at kelly@chanfraulaw.com**.

/s Linda Bond Edwards
LINDA BOND EDWARDS
Florida Bar No.: 0057282
E-mail: ledwards@rumberger.com (primary)
docketingorlando@rumberger.com and
ledwardssecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783

Attorneys for Defendants

18604861.v1