**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ERICA ANDERSON**,

      Plaintiff,

v.                              CASE NO. 8:23-cv-02782-WFJ-AAS

**ANNE HUFFMAN**, and
**CITY OF HAINES CITY, FLORIDA**

      Defendants.
_____/

## ORDER

Before the Court is Defendant Anne Huffman's Motion for Judgment on the Pleadings (Dkt. 20) and Plaintiff Erica Anderson's Response (Dkt. 23). Upon careful consideration, the Court denies-in-part and grants-in-part Defendant's Motion.

## BACKGROUND

Plaintiff is the former City Clerk of Haines City, Florida. Dkt. 1-1 ¶¶ 18, 20. She served as Deputy City Clerk from 2017 to 2020 and as Haines City Clerk from 2020 until her termination in October 2022. *Id.* ¶¶ 17, 18, 52. The Second Amended Complaint ("Complaint") alleges that Defendant Huffman, then the Haines City Mayor,[1] subjected Plaintiff to harassment for the duration of Plaintiff's

_____

[1] Ms. Huffman is now a Commissioner on the Haines City Commission. Dkt. 20 at 2.

employment with Haines City. *Id.* ¶¶ 11, 24. Plaintiff brings claims against Defendant Huffman for violation of the Family Medical Leave Act ("FMLA"), defamation, and intentional infliction of emotional distress ("IIED"). *Id.* ¶¶ 80–103. She accuses Defendant Haines City of violating the Whistleblower's Act, the Florida Civil Rights Act, and the FMLA. *Id.* ¶¶ 55–91.

In support of her defamation and IIED claims, Plaintiff alleges that Defendant Huffman made disparaging remarks about Plaintiff in public meetings, to a local newspaper, and in private to members of the Haines City Commission ("City Commission"). The Complaint states that Defendant Huffman "targeted" Plaintiff "in public meetings" by "insinuate[ing] that Plaintiff had misused credit cards" to the point that "the public would gasp in shock." *Id.* ¶ 29. It further alleges that Defendant Huffman "mocked and taunted Plaintiff," implied that Plaintiff had lost the support of the Haines City Commission, and insinuated that Plaintiff was promiscuous—all during public meetings. *Id.* ¶¶ 31, 36. Defendant Huffman also reportedly implied in a newspaper interview that Plaintiff was absent from work without excuse when, in fact, Plaintiff was on FMLA leave. *Id.* ¶ 45. Finally, the Complaint asserts that Defendant Huffman privately spoke to City Commissioners about Plaintiff, "attempting to garner support for [her] termination." *Id.* ¶ 44.

Defendants removed the Complaint to federal court (Dkt. 1) and filed an answer and affirmative defenses in December 2023 (Dkt. 16). Several weeks later,

Defendant Huffman filed the instant Motion for Judgment on the Pleadings (Dkt. 20) pursuant to Federal Rule of Civil Procedure 12(c). The Motion argues that the defamation and IIED counts fail to state a claim upon which relief may be granted. Dkt. 20 at 1. Plaintiff concedes her IIED claim should be dismissed. Dkt. 23 at 1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may "move for judgment on the pleadings" after "the pleadings are closed." "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Att'y's Off. for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2020) (internal quotations omitted).

A Rule 12(c) motion is governed by the same standard as a Rule 12(b)(6) motion for failure to state a claim. *Mergens v. Dreyfoos*, 166 F.3d 1114 (11th Cir. 1999). A court considering a defendant's Rule 12(c) motion must therefore accept the plaintiff's factual allegations as true and view them in the light most favorable to the plaintiff. *Hernandez v. Aurobindo Pharma USA, Inc.*, 582 F. Supp. 3d 1192, 1197 (M.D. Fla. 2022) (citations omitted). "Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002). Documents attached to a motion for judgment on the pleadings may also be

considered if the documents are (1) central to the plaintiff's claim, and (2) undisputed (if their authenticity is not challenged). *Id.* at 1134.

## DISCUSSION

Defendant Huffman argues that Count Seven (Defamation) should be dismissed because, as a public official, she is absolutely immune from defamation suits that are based on statements made within the scope of her duties. Dkt. 20 at 5. Plaintiff responds that the facts of the Complaint do not show Defendant Huffman was acting within the scope of her duties when she allegedly defamed Plaintiff. Dkt. 23 at 7.

The Complaint, when viewed in a light most favorable to Plaintiff, indicates that Defendant Huffman had no supervisory authority over her. Therefore, Defendant Huffman's allegedly defamatory comments were not within the scope of her official duties. As a result, the Court declines to grant her absolute immunity or dismiss Count Seven.

Florida law grants public officials absolute immunity from claims of defamation for statements made within the course and scope of their duties. *Hauser v. Uchisin*, 231 So. 2d 6, 8 (Fla. 1970); *see also McNayr v. Kelly*, 184 So. 2d 428, 429 (1966). This "well settled" rule serves a public interest in transparency by freeing public servants to explain their decisions without fear of litigation. *Hauser*, 231 So. 2d at 8; *see also Albritton v. Gandy*, 531 So. 2d 381, 387 (Fla. 1st DCA

1988) ("[I]f it is within the scope of a public officer's duty to discharge an employee and give reasons for doing so, a statement by the public official regarding the reasons for the dismissal of the employee is absolutely privileged."). Absolute privilege applies no matter how "false or malicious or badly motivated" a statement may be. *Hauser*, 231 So. 2d at 8.

The "controlling issue" on the question of absolute immunity is whether the official acted within the scope of her duties. *Id.* at 7. Conduct is within the scope if it: (1) "is the type of conduct which the employee is hired to perform"; (2) "occurs substantially within the time and space limits authorized or requested by the work to be performed"; and (3) "is activated at least in part by a purpose to serve the employer." *Cameron v. Jastremski*, 246 So. 3d 385, 387–88 (Fla. 4th DCA 2018).

Scope of employment is a fact-bound inquiry. *Del Pino-Allen v. Santelises*, 240 So. 3d 89, 91 (Fla. 3d DCA 2018). On a motion under FRCP 12(c) or 12(b)(6), a court should not grant absolute immunity unless it is clear from the face of the complaint that the defendant-official was acting within the scope of her authority when making the allegedly defamatory statements. *Id.* If that central question cannot be affirmatively answered based on the four corners of the complaint, the motion should be denied. *Id.*

The issue of absolute immunity often arises when, as here, a terminated public employee brings a defamation claim for statements made about her work

performance or in connection with her termination. *Cameron*, 246 So. 3d at at 388–89 (collecting cases). In such a case, courts are quick to grant absolute immunity when the official making the relevant statements has or had supervisory authority over the plaintiff-employee. *Id.* But where the defendant-official did not have supervisory authority, the statements are less likely to be considered within the course and scope of the official's duties. *Id.* Florida courts have applied this supervision-based distinction in a variety of contexts. *See, e.g.*, *id.* (statements made to plaintiff's co-workers and supervisor); *Hauser*, 231 So. 2d at 7 (statements made to news media); *de Castro v. Stoddard*, 314 So. 3d 397, 403 (Fla. 3d DCA 2020) (statements made to the public via a blog post); *Del Pino-Allen*, 240 So. 3d at 91 (statements made to administrators).

Here, the Complaint indicates that, at all relevant times, Defendant Huffman was Haines City Mayor. Dkt. 1-1 ¶ 11. Its attachments demonstrate that the individuals responsible for hiring, firing, and providing work-related feedback to the Haines City Clerk were the Haines City Commissioners. *Id.* at 33–35. The Haines City Manager appears to have some day-to-day authority to delegate tasks to the Haines City Clerk. *Id.* at 33. But nothing in the Complaint or its attachments, or even Defendant Huffman's Motion,[2] indicates that the Haines City Mayor has

---

[2] Because the Haines City Charter excerpt included in the instant Motion is immaterial to the Court's ruling, the Court need not discuss whether it may consider it on a Rule 12(c) Motion. *See Horsley*, 304 F.3d at 1134.

any supervisory authority over the Haines City Clerk. Because the Complaint does not show that Defendant Huffman's statements regarding Plaintiff's work performance or termination were made within the scope of her duties, the Court declines to dismiss Count Seven based on absolute immunity.[3]

As a result, the instant Motion is due to be denied as to Count Seven. Defendant Huffman is free to revisit this fact-bound issue in a later motion. As Plaintiff conceded that Count Eight should be dismissed, the Court will grant the Motion as to that count.

## CONCLUSION

Accordingly, Defendants' Motion for Judgment on the Pleadings (Dkt. 20) is **DENIED-IN-PART** without prejudice and **GRANTED-IN-PART**. Count Eight of the Second Amended Complaint is **DISMISSED** without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on February 13, 2024.

_/s/ William F. Jung_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

---

[3] Defendant Huffman does not argue that Plaintiff otherwise failed to make out of claim of defamation. The Complaint states that: Defendant Huffman made statements about Plaintiff that she knew to be false; Defendant Huffman made these statements to the public, City Commissioners, and the news media; the statements were defamatory as to Plaintiff's job performance and personal character; and as a result of the statements, Plaintiff cannot obtain another job. Dkt. 1-1 ¶¶ 29–31, 36, 43–45, 95; *see also Internet Sols. V. Marshall*, 39 So. 3d 1201, 1214 n.8 (Fla. 2010) (reciting the elements of defamation under Florida law).